UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN MATKIN,

    Plaintiff,

v.                                                          No.:   3:05-cv-335
                                                                    (VARLAN/SHIRLEY)

SEVIER COUNTY, TENNESSEE, and
SHERIFF BRUCE MONTGOMERY,

    Defendants.

## MEMORANDUM OPINION

This is a prisoner's civil rights complaint under 42 U.S.C. § 1983, brought as a proposed class action by counsel. Plaintiff was ordered to show cause why this action should not be dismissed, pursuant to 42 U.S.C. § 1997e, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). Plaintiff has responded to the show cause order, and further, requests a hearing in this matter. The court finds that a hearing is not required and his request will be **DENIED**. For the following reasons, the complaint will be **DISMISSED WITHOUT PREJUDICE**.

In response to the order to show cause, plaintiff has submitted his affidavit in which he claims that, prior to filing this action, he exhausted what administrative remedies were available to him. Plaintiff specifically states the following:

> While I was incarcerated at the Sevier County Jail, I filed numerous grievances concerning the matters that I later addressed in my lawsuit. Some of the grievances I filed on a Grievance Form, which was issued to me upon request. Sometimes, I filed my grievances on notebook paper, because the correctional officer would not give me a Grievance Form. I addressed the grievances to the Captains, because I knew that the grievances would need to go to the "higher ups" in order to get a valid response. Despite the many grievance, both on Grievance Forms and on notebook paper, that I gave to correction officers, I received a response to only one (1), having to do with a law library.

[Court File No. 17, Response to order to show cause, Attachment #1, Affidavit of John Matkin, ¶ 3, pp. 1-2].

While plaintiff may have filed many grievances with the Sevier County correctional officers, he did not mention the grievances in the body of his complaint nor did he attach copies of those grievances to his complaint. Thus, plaintiff failed to demonstrate, *at the time he filed his initial complaint*, that he had exhausted his administrative remedies.

> This Court has held that in order to meet the exhaustion requirement of the PLRA, a prisoner must either attach a copy of his prison grievance forms to the complaint or state the nature of the remedies pursued and the result of each process. Jones stated in his complaint that he had exhausted his administrative remedies. However, he neither attached the grievance forms to his complaint nor described the remedies he pursued and the outcome. The fact that the defendant Later [sic] provided evidence that Jones may have exhausted some of his claims is irrelevant under the PLRA and Sixth Circuit precedent.

*Jones v. Bock*, 135 Fed.Appx. 837, 839 (6th Cir. 2005) (citations omitted); *McCallum v. Gilless*, 38 Fed.Appx. 213, 215, 2002 WL 449847 *1 (6th Cir. 2002) ("McCallum indicated that he filed a written grievance to a counselor and talked to jail officials and medical staff, but did not attach copies of any grievances or appeals or describe the outcome of any administrative proceeding. Thus, his complaint was subject to dismissal without prejudice.").

*See also Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002) (plaintiff "was not entitled to amend his complaint properly to plead exhaustion of administrative remedies").

> As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a *sua sponte* dismissal. A plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*. Our rule in *McGore* requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, also not be allowed to amend his complaint to cure the defect. If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.

*Id*. at 489 (quoting *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) and *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th. Cir. 1998); citing *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)) (footnote omitted).

Based upon the foregoing, this action will be **DISMISSED WITHOUT PREJUDICE**, pursuant to 42 U.S.C. § 1997e, for failure to exhaust administrative remedies. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE